United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY MILLER,

    Plaintiff,

    v.

NINTH CIRCUIT COURT OF APPEALS; et al.,

    Defendants.
                                     /

No. C 11-1097 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Michael Anthony Miller, an inmate at the California Substance Abuse Treatment Facility in Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). His complaint is now before the court for review under 28 U.S.C. § 1915.

## BACKGROUND

Miller is serving a life prison term for a 2001 conviction in Los Angeles County Superior Court. He has filed numerous petitions for writ of habeas corpus to challenge that conviction. *See* July 9, 2009 Report and Recommendation Of United States Magistrate Judge filed in *Miller v. State of California*, C. D. Cal. No. CV 09-4827 R (JC). The Ninth Circuit has denied Miller leave to file a second or successive habeas petition under 28 U.S.C. § 2254. *See* October 19, 2009 Order filed in *Miller v. State of California*, 9th Cir. No. 09-72833.

In his civil rights complaint, Miller alleges that, from March 1990 through March 2011, defendants "engaged in conspiracy" to falsely imprison him by determining that he was procedurally barred from challenging his sentence and by determining that he had abandoned his appeals. Complaint, p. 3. He names as defendants the Ninth Circuit Court of Appeals, the Administrative Office of the Courts, the CDCR, the magistrate judge who issued a report and recommendations on his habeas petition, and the district judge who denied his habeas petition. The prayer for relief requests an injunction requiring defendants "to abrogate any and all orders that operate to prevent Plaintiff from exhausting appeals under pretense of procedural bars and strikes created with claims of abandon (sic) appeals, inter alia, and abrogate void orders." Complaint, p. 4.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For a *Bivens* claim, a plaintiff must allege that the right was violated by a person acting under color of federal law.

The complaint must be dismissed. First, the individual judges have absolute judicial immunity against Miller's claims because their allegedly wrongful acts were actions done in their judicial capacity (i.e., the denial of his habeas petition). A federal judge is absolutely immune from civil liability for acts performed in his or her judicial capacity; this immunity is not limited

to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*). The allegation that the judges acted pursuant to a conspiracy does not overcome the immunity. *See Moore*, 96 F.3d at 1244.

Second, the complaint does not allege any act or omission by the other defendants and therefore does not state a claim against any of them. Conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. *Woodrum v. Woodword County*, 866 F.2d 1121, 1126 (9th Cir. 1989); *see also id.* (plaintiff must allege that a constitutional right was violated – conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a violation).

Third, and most importantly, the relief requested plainly shows that this civil rights action is basically an attempt to circumvent various rules that apply to habeas petitions. A petition for writ of habeas corpus is the exclusive method by which a prisoner may challenge his conviction or sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Insofar as Miller wants to challenge a decision of the U.S. District Court for the Central District of California rejecting his habeas petition, his recourse would be an appeal to the U.S. Court of Appeals for the Ninth Circuit; insofar as he wants to challenge a decision of the Ninth Circuit, his recourse, if any, would be a petition for writ of certiorari to the U.S. Supreme Court (except as to the denial of permission to file a second or successive habeas petition). This court does not have appellate jurisdiction over other district courts or over the Ninth Circuit. *See Mullis*, 828 F.2d at 1392-93 & n.19. This court has no jurisdiction to abrogate the orders of other federal courts.

Miller attached to his complaint a "Declaration of Information Felonies, High Crimes and Misdemeanors . . . Demand For Resolution Of Dispute In Commercial Law." He is cautioned that the court does not investigate crimes or prosecute criminal actions. The federal prosecuting authority is the United States Department of Justice.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed. Leave to amend will not be granted because it would be futile: the only defendants who are alleged to have done anything have absolute judicial immunity for their actions and the relief requested cannot be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 15, 2011

_____
SUSAN ILLSTON
United States District Judge